**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TORR RENARD NELSON,**

             **Plaintiff,**

-vs-                                                  Case No. 6:06-cv-767-Orl-31KRS

**DONNA A. HUDEPOHL & KEVIN HOLMES,**

             **Defendants.**

_____

# ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 31) and Plaintiff's Response thereto (Doc. 38).

**I. Background**

This case arises out of the arrest of Plaintiff Torr Renard Nelson ("Nelson") on June 15, 2004, by Orange County Sheriff's Department Deputies Donna A. Hudepohl ("Hudepohl") and Kevin Holmes ("Holmes"). The facts, presented in the light most favorable to the Plaintiff, are as follows:

On June 15, 2004, Hudepohl was responding to a report of a robbery and assault on an elderly woman at 7225 W. Colonial Drive in Orlando, FL. (Doc. 31 at 5). Hudepohl observed Nelson, who fit the description of the suspect, walking quickly through the parking lot of a nearby business, attempting to remove his shirt. (Doc. 31 at 5). Hudepohl activated the emergency lights on her car, got out of the car, and ordered Nelson to the ground. Nelson did not comply and instead

began to run across Hiawassee Rd. Hudepohl then began to pursue Nelson on foot, repeatedly instructing him to stop and get on the ground. (Doc. 31 at 5-6).

As Hudepohl was chasing Nelson, Holmes arrived on the scene and joined in the foot chase. (Doc. 31 at 6). Holmes caught up to Nelson, grabbed him, tackled him to the ground and landed on top of him. (Doc. 38 at 5-6). Hudepohl then caught up to Holmes and Nelson and used her Taser to deliver an electrical shock to Nelson. Nelson states that he was tased up to six times by Hudepohl and Holmes. Nelson was told repeatedly to put his arms behind his back, but was unable to do so because his arms were pinned under his body by the weight of Holmes, who was on top of him. (Doc. 38 at 6). In response to the electric shocks, Plaintiff experienced violent convulsions while he was pinned on the ground by Holmes. Nelson states that he was not resisting arrest, and there is no evidence that he threatened the deputies or anyone else at the scene of his arrest.

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. .*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving

party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp*., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

**III. Legal Analysis**

The Plaintiff alleges that the Defendants are liable, in their individual capacities, under 42 U.S.C. § 1983 ("§ 1983") for violating his constitutional rights by using excessive force during his arrest in violation of the Fourth Amendment. The Defendants argue that they are entitled to qualified immunity.

In order to receive qualified immunity, "the government official must first prove that he was acting within [the scope of] his discretionary authority." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Once a defendant establishes that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiffs to show that qualified immunity is not appropriate. *Id*. To determine whether qualified immunity is appropriate, the Court must ask two questions. First, whether, viewed in the light most favorable to the plaintiff, the evidence shows the officers violated Nelson's constitutional rights. *Id.* Second, if a violation of a right can be made out, the Court must determine whether that right was clearly established. *Id.*

The parties have not disputed the fact that the defendants were acting within the scope of their discretionary authority during Nelson's arrest. Thus, the Court turns to examine whether: (1) there was a violation of a Constitutional right that was (2) clearly established.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro,* 284 F.3d 1188, 1198 (11th Cir. 2002). Therefore, if Nelson can show sufficient evidence that he was the victim of excessive force, he will have established evidence of a Fourth Amendment violation. As discussed above, Plaintiff has produced evidence that he was tackled to the ground, held down and shocked with a Taser 6 times, even though he was not resisting arrest or threatening the officers. Accordingly, sufficient evidence exists to support a violation of Plaintiff's constitutional rights.

The second step is to decide whether the Deputies' actions violated clearly established law.

It is clearly established that the use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment. Whether the force used is reasonable turns on "the facts and circumstances of each particular case, including the severity of the crime at issue,

> whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. An officer will be entitled to qualified immunity if his actions were objectively reasonable - that is, if a reasonable officer in the same situation would have believed that the force used was not excessive.

*Davis v. Williams,* 451 F.3d 759, 767 (11th Cir. 2006).

The evidence presented by Plaintiff clearly shows that there are disputed issues of material fact as to whether the force was used was reasonable under the circumstances.  Therefore, the Defendants are not entitled to qualified immunity.

### IV. Conclusion

It is, therefore,

**ORDERED** that Defendants' Motion for Summary Judgment (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 11, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party